# FARMERS STATE BANK OF GATZKE, BY A. J. VEIGEL, v. COUNTY OF MARSHALL.[1]

October 5, 1928.

No. 26,898.

**Pledge of its bills receivable by a state bank is unauthorized.**
> A commercial bank under Minnesota law has no power to pledge bills receivable to secure deposits, even though it be to induce an extension of a past due deposit.

Depositaries, 18 C. J. p. 585 n. 34.

Appeal from an order of the district court for Marshall county, Watts, J. denying plaintiff's motion for a new trial. Reversed and remanded.

*A. N. Eckstrom,* for appellant.

*W. O. Braggans,* for respondent.

STONE, J.

Replevin by the commissioner of banks, as the liquidator of the Farmers State Bank of Gatzke, for certain promissory notes pledged to the defendant, county of Marshall, to secure certain moneys due it. So far as concerns the one issue on this appeal, the decision below was for defendant. Plaintiff, having moved for amended findings or a new trial and the motion having been denied, appeals.

For some time previous to January, 1927, the State Bank of Gatzke was a legally designated depository of defendant county, the deposit being secured by personal bond. The county board insisted that it be replaced by a surety bond, which the bank could not furnish. Neither was it convenient for it to repay the deposit, which was permitted to remain with the bank upon its pledge to the county, as security, of the notes here in question.

The case was decided below before our decision in Farmers & Mer. State Bank v. Consolidated School Dist. No. 3, 174 Minn. 286, 219 N. W. 163. We there held that a commercial bank organized

[1]Reported in 221 N. W. 242.

under the laws of this state has no power to pledge any of its assets, particularly bills receivable, to secure the repayment of deposits, except as such pledge is authorized by statute to secure deposits of public funds. L. 1925, p. 168, c. 173, 1 Mason Minn. St. §§ 1973-1 to 1973-3; see G. S. 1923, § 107. The pledge of notes such as those now in issue is not authorized by statute. L. 1927, p. 379, c. 257, 2 Mason Minn. St. §§ 7699-14 to 7699-19, prohibiting any lien upon or charge against the assets of a bank except to secure public deposits, was not in effect at the time of the transaction here involved.

The argument for respondent is, first, that the rule of Farmers & Mer. State Bank v. Consolidated School Dist. No. 3, 174 Minn. 286, 219 N. W. 163, does not apply where, as here, payment is demanded but refused and the depositor forbears collection in consideration of a pledge of bills receivable; that it is an ordinary case of debtor and creditor; and that the bank, like any other debtor, has the power to secure such indulgence by giving security. In our former decision we tried to show that the duty of a bank to its depositors put it in a situation different from that of the ordinary debtor, and that among its powers was none generally to pledge its assets to secure deposits. We see no reason why that rule should not apply, whether an attempted pledge is to obtain a deposit at the outset or later to prevent its withdrawal. If the power does not exist in the one case, it certainly cannot in the other.

It is no answer to say that a bank might go to another bank, borrow the money wherewith to pay the depositor, and give security for money so borrowed. It does not affect the present problem that by such a transaction the other creditors of the bank would be as much prejudiced as by a pledge to the depositor himself. That is because of the basic and far-reaching difference, which we have already dealt with sufficiently, between the ordinary borrowing by a bank and the ordinary deposit therein. The difference is fundamental and in nowise modified by any extension of time on a past due deposit.

A pledge of assets to secure a deposit being a preference, the analogy is drawn that there is no legal objection to such a prefer-

ence by the ordinary corporate or individual debtor and the conclusion reached that there should be none in the case of a bank. The essential premise of that argument, that the ordinary debtor is in the same situation practically and legally as the bank, does not hold. The bank, unlike the ordinary debtor, is created by the state and exists under state regulation for the very purpose of receiving and paying deposits without preference between depositors. The conventional debtor is in no such situation, and the argument from analogy fails. A commercial bank, organized under the laws of this state, has no more power to pledge its assets, particularly its bills receivable, to secure an extension of time on an old deposit than it has to secure a new deposit.

The argument is again pressed upon us, as it was in Farmers & Mer. State Bank v. Consolidated School Dist. No. 3, 174 Minn. 286, 219 N. W. 163, that at best the pledge to defendant county was as to the bank simply an ultra vires transaction which its receiver cannot now disaffirm without a return of the consideration; that is, that it cannot reclaim the pledged notes without repaying defendant in full. That point was sufficiently covered in the former opinion. The commissioner of banks is a statutory receiver whose duty it is, among other things, to protect the rights of creditors. Acting for them, he may disaffirm the transaction in question without a return of the deposit. The findings negative actual fraud, as they should. The motives of all the gentlemen who participated in the transaction are beyond question, but the fact remains that what they did was so far in derogation of the rights of other creditors that it must now yield to those rights.

The title of government to its moneys has no sanctity superior to or different from that of the individual. In the absence of statute or the special obligations of trusteeship, a depository is under the same obligation to repay the one as the other—the right of the citizen is not inferior to that of his government. Compare City of Cloquet v. N. W. State Bank, 172 Minn. 324, 215 N. W. 174.

The order is reversed and the case remanded for further proceedings not inconsistent with the views expressed in this opinion.